IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO.  22-00011 |
| DONNA FECONDO | : | |

# AMENDED ORDER

**AND NOW**, this 14th day of November, 2023, upon consideration of the parties supplemental sentencing memoranda (Doc. Nos. 49 and 50), and recognizing that my October 18, 2023 Memorandum Opinion (Doc. No. 46) regarding the applicable tax loss relied upon the wrong provision of the applicable Sentencing Guidelines, I will **AMEND section III.A and III.D.4** of that Opinion as set forth in the attached Amended Memorandum Opinion.[1]  All other portions of that Memorandum Opinion and Order shall remain the same.

BY THE COURT:

 /s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG,      J.**

---

[1] In calculating the tax loss, my original October 18, 2023 Opinion relied upon USSG § 2T1.1.  This calculation was consistent with both the July 27, 2023 Pre-Sentence Report and the parties' original sentencing memoranda.  During the August 1, 2023 sentencing, however, the parties agreed that no tax loss should be calculated for Counts 3, 4, 5, and 6 (failure to file U.S. income tax returns and failure to file individual income tax returns, both in violation of 26 U.S.C. § 7203).  As such, the only remaining charged conduct for purposes of determining tax loss was failure to collect and pay over employment taxes in violation of 26 U.S.C. § 7202.  Consequently, the relevant Sentencing Guideline for determining tax loss became U.S.S.G. § 2T1.6.